UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :          CASE NO.: 13-38620-RAM
                                                :
EDWARD A. MARTINEZ                              :          CHAPTER 7
                                                :
        Debtor.                                 :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 27, 2013 (the "*Petition Date*").

2.      Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3.      At the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor owned a Remainder Interest in Undisclosed Real Property located at 61 E. 52 Pl., Hialeah, FL 33013 valued at approximately $25,000.00 (the "*Real Property*").

4.      Caridad Martinez is the owner of the Life Estate in the Real Property.

5.      The Debtor denies and/or disputes some of the allegations noted above.

6.      In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

7.      Under the terms of the Stipulation, the Debtor and Caridad Martinez will pay the Trustee a total sum of $19,500.00 to be paid in Twenty-six (26) equal monthly payments of

Case No.: 13-38620-RAM

$750.00 to be made on the 15th day of each month starting on March 15, 2014 and ending on April 15, 2016.

8.    The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155.  Each cashier's check or money order should clearly state the name of the Debtor and the case number.

9.    As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

10.    As part of this Settlement, the Debtor and Caridad Martinez agree to: i) maintain full liability and property damage insurance on the property located at 61 E. 52 Pl., Hialeah, FL 33013 until such time as the Settlement Amount is paid in full; and (ii) name Robert A. Angueira, Trustee as loss payee (or other interested party) and additional insured on the insurance policy, and provide the Trustee with a Certificate of Insurance evidencing coverage, within 20 days of execution of this stipulation.  The Debtor and Caridad Martinez further agree that upon the lapse of said policy, they shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

11.    Until the settlement amount is paid in full, the Debtor and Caridad Martinez agree that they shall not sell, convey, gift or otherwise transfer (or allow others to otherwise transfer) the real property located at 61 E. 52 Pl., Hialeah, FL 33013.  The Debtor and Caridad Martinez further agree and warrant that they will not mortgage or otherwise encumber the real property located at 61 E. 52 Pl., Hialeah, FL 33013, and that they will not allow others to mortgage or otherwise encumber the property.  The Debtor and Caridad Martinez agree and acknowledge that they have a continuing duty to ensure that no liens attach to the property located at 61 E. 52 Pl.,

Case No.: 13-38620-RAM

Hialeah, FL 33013 until the settlement amount is paid in full.

12.    As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

13.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

14.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

15.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

16.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

17.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

18.    This Stipulation resolves all issues between the Trustee, the Debtor, and Caridad Martinez regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

Case No.: 13-38620-RAM

19.      If the Debtor or Caridad Martinez fail to timely make any of the payments described in paragraph 7, or fail to comply with the insurance provisions of paragraph 10, or if the Debtor or Caridad Martinez fail to comply with the provisions of paragraph 11, then after ten (10) days written notice faxed or mailed to the Debtor, Caridad Martinez (at 61 E. 52 Pl., Hialeah, FL 33013), and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

20.      In the event that the Debtor or Caridad Martinez fail to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

21.      Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides:   "On motion by the trustee and after a hearing on notice to creditors, the debtor . . .  and to such other entities as the court may designate, the court may approve a compromise or settlement."

22.      "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185,

4

189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

23.    Based on the specific facts and circumstances of this case, the Trustee has determined that $19,500.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

24.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this ⟍⟍ day of March, 2014.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rachel@rabankruptcy.com

By _____
RACHEL L. AHLUM
Florida Bar No. 0091291

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                       :           CASE NO.: 13-38620-RAM
                          :
EDWARD A. MARTINEZ       :          CHAPTER 7
                          :
     Debtor.               :
_____/

### STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), Edward Martinez (the "*Debtor*"), and Caridad Martinez, on this 24th day of February, 2014.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 27, 2013 (the "*Petition Date*");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, at the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor owned a Remainder Interest in Undisclosed Real Property located at 61 E. 52 Pl., Hialeah, FL 33013 valued at approximately $25,000.00 (the "*Real Property*");

WHEREAS, Caridad Martinez is the owner of the Life Estate in the Real Property;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby



TRUSTEE
EXHIBIT

1

acknowledged by the parties, the parties agree to the following:

1.    The Debtor and Caridad Martinez will pay the Trustee a total sum of $19,500.00 to be paid in Twenty-six (26) equal monthly payments of $750.00 to be made on the 15th day of each month starting on March 15, 2014 and ending on April 15, 2016.

2.    The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155.  Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3.    As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

4.    As part of this Settlement, the Debtor and Caridad Martinez agrees to: i) maintain full liability and property damage insurance on the property located at 61 E. 52 Pl., Hialeah, FL 33013 until such time as the Settlement Amount is paid in full; and (ii) name Robert A. Angueira, Trustee as loss payee (or other interested party) and additional insured on the insurance policy, and provide the Trustee with a Certificate of Insurance evidencing coverage, within 20 days of execution of this stipulation. The Debtor and Caridad Martinez further agree that upon the lapse of said policy, they shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

5.    Until the settlement amount is paid in full, the Debtor and Caridad Martinez agree that they shall not sell, convey, gift or otherwise transfer (or allow others to otherwise transfer) the real property located at 61 E. 52 Pl., Hialeah, FL 33013.  The Debtor and Caridad Martinez further agree and warrant that they will not mortgage or otherwise encumber the real property

located at 61 E. 52 Pl., Hialeah, FL 33013, and that they will not allow others to mortgage or

otherwise encumber the property. The Debtor and Caridad Martinez agree and acknowledge that

they have a continuing duty to ensure that no liens attach to the property located at 61 E. 52 Pl.,

Hialeah, FL 33013 until the settlement amount is paid in full.

6.      As part of this Settlement, the Debtor represents and warrants that: (1) all

information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all

amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain

no misrepresentations or omissions, (3) all information and documentation provided to the

Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no

misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets,

this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself

of the remedies provided under the Bankruptcy Code.

7.      If the Debtor and Caridad Martinez comply with all the terms of this Stipulation,

the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules unless

it was his intent to surrender such property.

8.      If the Debtor and Caridad Martinez comply with all the terms of this Stipulation,

the Trustee will not object to the Debtor's claimed exemptions.

9.      If the Debtor and Caridad Martinez comply with all the terms of this Stipulation,

the Trustee will not seek turnover of the above referenced Property.

10.     If the Debtor and Caridad Martinez comply with all the terms of this Stipulation,

the Trustee will not object to the granting of a discharge to the Debtor.

11.     If the Debtor and Caridad Martinez comply with all the terms of this Stipulation,

the Trustee will not pursue any of the potential preference actions that may exist in this case.

12.     This Stipulation resolves all issues between the Trustee, the Debtor, and Caridad Martinez regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

13.     If the Debtor or Caridad Martinez fail to timely make any of the payments described in paragraph 1, or fail to comply with the insurance provisions of paragraph 4, or if the Debtor or Caridad Martinez fail to comply with the provisions of paragraph 5, then after ten (10) days written notice faxed or mailed to the Debtor, Caridad Martinez (at 61 E. 52 Pl., Hialeah, FL 33013), and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

14.     In the event that the Debtor or Caridad Martinez fail to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

15.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom

Case No.: 13-38620-RAM

enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

16.    The Trustee has accepted this settlement subject to this Court's approval.

17.    All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

18.    Time is of the essence as to all deadlines within this stipulation.

19.    This agreement represents the full and complete understanding of the parties.

20.    The Trustee believes that this agreement is in the best interest of the estate.

21.    This agreement may be signed in counterparts.

22.    The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

EDWARD A. MARTINEZ                              3/3/14
DEBTOR                                          DATE

ROBERT A. ANGUEIRA                              3/10/14
TRUSTEE                                         DATE

ALEXANDER J. ALFANO, ESQ.                       DATE
DEBTOR'S ATTORNEY

CARIDAD MARTINEZ                                3/3/14
                                               DATE

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                    :        CASE NO.: 13-38620-RAM
                                          :
EDWARD A. MARTINEZ                        :        CHAPTER 7
                                          :
        Debtor.                           :
_____/

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
## STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve

Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all

interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the

Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the

Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown,

and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.



2.      The Debtor and Caridad Martinez will pay the Trustee a total sum of $19,500.00 to be paid in Twenty-six (26) equal monthly payments of $750.00 to be made on the 15th day of each month starting on March 15, 2014 and ending on April 15, 2016.

3.      The payments will be by cashier's checks or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 6495 S.W. 24th Street, Miami, Fl. 33155.  Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4.      As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

5.      As part of this Settlement, the Debtor and Caridad Martinez agrees to: i) maintain full liability and property damage insurance on the property located at 61 E. 52 Pl., Hialeah, FL 33013 until such time as the Settlement Amount is paid in full; and (ii) name Robert A. Angueira, Trustee as loss payee (or other interested party) and additional insured on the insurance policy, and provide the Trustee with a Certificate of Insurance evidencing coverage, within 20 days of execution of this stipulation.  The Debtor and Caridad Martinez further agree that upon the lapse of said policy, they shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

6.      Until the settlement amount is paid in full, the Debtor and Caridad Martinez agree that they shall not sell, convey, gift or otherwise transfer (or allow others to otherwise transfer) the real property located at 61 E. 52 Pl., Hialeah, FL 33013.  The Debtor and Caridad Martinez further agree and warrant that they will not mortgage or otherwise encumber the real property located at 61 E. 52 Pl., Hialeah, FL 33013, and that they will not allow others to mortgage or

otherwise encumber the property. The Debtor and Caridad Martinez agree and acknowledge that they have a continuing duty to ensure that no liens attach to the property located at 61 E. 52 Pl., Hialeah, FL 33013 until the settlement amount is paid in full.

7.    As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

9.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

10.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

11.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

12.    If the Debtor and Caridad Martinez comply with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

13.    This Stipulation resolves all issues between the Trustee, the Debtor, and Caridad

Martinez regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

14.    If the Debtor or Caridad Martinez fail to timely make any of the payments described in paragraph 2, or fail to comply with the insurance provisions of paragraph 5, or if the Debtor or Caridad Martinez fail to comply with the provisions of paragraph 6, then after ten (10) days written notice faxed or mailed to the Debtor, Caridad Martinez (at 61 E. 52 Pl., Hialeah, FL 33013), and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

15.    In the event that the Debtor or Caridad Martinez fail to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

16.    The settlement proceeds of $19,500.00 are attributable to the Undisclosed Remainder interest in 61 E. 52 Pl., Hialeah, FL 33013.

17.    The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 SW 24 Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail   rachel@rabankruptcy.com

Copies furnished to:
Rachel L. Ahlum, Esq.

*(Attorney Rachel L. Ahlum is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

Case No.: 13-38620-RAM

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this ⅃⅃ day of March, 2014, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this ⅃⅃ day of March, 2014, to:

- Rachel L Ahlum    rachel@rabankruptcy.com, rangueir@bellsouth.net
- Alexander J Alfano    aalfano@lawalfano.com, paralegal@lawalfano.com
- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com tassistant@rabankruptcy.com
- Kenneth W. Lockwood    bk@dczahm.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Charles F Otto    cfo@straleyottopa.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rachel@rabankruptcy.com

By _____
RACHEL L. AHLUM
Florida Bar No. 0091291



Case 13-38620-RAM

Exeter Finance Corp.
c/o Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006-1347

SUNTRUST MORTGAGE, INC.
The Law Office of Douglas C. Zahm
12425 28th Street North, Suite 200
St. Petersburg, FL 33716-1826

ACC Capital Holdings
PO Box 11000
Santa Ana, CA 92711-1000

AMC Mortgage Services
1100 Town and Country Rd., 1200
Orange, CA 92868-4693

American Express
PO Box 981537
El Paso, TX 79998-1537

Associated Credit Service, Inc.
PO Box 5171
Westborough, MA 01581-5171

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bay Area Credit Service
PO Box 468449
Atlanta, GA 31146-8449

CBE Group
131 Tower Park Dr., Suite 100
Waterloo, IA 50701-9374

Capital One
PO Box 30281
Salt Lake City, UT 84130-0281

Chase Bank USA
PO Box 15298
Wilmington, DE 19850-5298

Community Health of South Florida
10300 SW 216 St.
Miami, FL 33190-1003

ER Solutions
PO Box 9004
Renton, WA 98057-9004

Exeter Finance Corp
222 Las Colinas Blvd W
Irvine, TX 75039-5421

Firstsource Financial Solutions
PO Box 025437
Miami, FL 33102-5437

HSBC/Office Max
PO Box 5253
Carol Stream, IL 60197-5253

JC Christiensen & Associates
PO Box 519
Sauk Rapids, MN 56379-0519

Jackson South Community Hospital
PO Box 1028250
Atlanta, GA 30368-2825

NCO Financial Services/09
PO Box 17205
Wilmington, DE 19850-7205

NCO Financial Systems Inc.
PO Box 15609
Wilmington, DE 19850-5609

RCMB Collection Bureau
PO Box 1235
Elmsford, NY 10523-0935

RMS
340 PO Box 723001
Atlanta, GA  31139-0001

Suntrust BK Miami NA
PO Box 85526
Richmond, VA 23285-5526

Suntrust Bank
PO Box 85526
Richmond, VA 23285-5526

William W. Siegel & Associates
7 Penn Plaza, Suite 1500
New York, NY 10001-3995

Zakheim & LaVrar, PA
1045 S. University Dr., Ste 202
Plantation, FL 33324-3333



Edward A. Martinez
10300 SW 199 St.
Cutler Bay, FL 33157-8509

